IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE AT NASHVILLE

JOSEPH L. LENINS,

    Plaintiff,

VS.                                                 DOCKET NO.

DICKSON OPERATOR, LLC d/b/a
DICKSON HEALTH AND REHAB a/k/a
DICKSON HEALTHCARE CENTER,
WINDWARD HEALTH PARTNERS, LLC,
MISSION HEALTH OF GEORGIA, LLC,
UNIVERSAL HEALTHCARE ASSOCIATES,LLC,
T AND C CAPITAL ASSETS, LLC and
DIANE K. PATTERSON

    Defendants.

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION
## PURSUANT TO 28 U.S.C. § 1441 et seq.

COME NOW Defendants, Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center, Windward Health Partners, LLC, and Mission Health of Georgia, LLC, ("Defendants") and hereby provide Notice of Removal of Civil Action from the Circuit Court for the Twenty-Third Judicial District of Tennessee at Dickson County, Civil Action No. 22CC-2014-CV-133 filed December 5, 2014 ("State Court Action") to this Court and state as follows:

1.     Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center ("Dickson Operator, LLC") is a named Defendant in the State Court Action and was served with a copy of the Complaint and Summons on January 8, 2015.

2. Windward Health Partners, LLC is a named Defendant in the State Court Action and was served with a copy of the Complaint and Summons on January 8, 2015.

3. Mission Health of Georgia, LLC is a named Defendant in the State Court Action and was served with a copy of the Complaint and Summons on January 8, 2015.

4. Universal Healthcare Associates, LLC is a named Defendant in the State Court Action. This Defendant has not yet been served with a copy of the Complaint and Summons.

5. T and C Capital Assets, LLC is a named Defendant in the State Court Action. This Defendant not yet been served with a copy of the Complaint and Summons.

6. Notice of Removal is being filed with this Court within thirty (30) days of the Defendants' receipt of a copy of the Complaints setting forth the claims for relief upon which Plaintiff's claims are based.

7. According to the Complaint, Plaintiff, Joseph Lenins, is a resident of Charlotte, Tennessee.

8. Dickson Operator, LLC is a Florida company with its principal office located at 100 N. Tampa Street, Suite 3350, Tampa, Florida 33602-5878.

9. Mission Health of Georgia, LLC is a Florida company with its principal office at 100 N. Tampa Street, Suite 3350, Tampa, Florida 33602-5878.

10. Windward Health Partners, LLC is a Florida company with its principal office address of 100 N. Tampa Street, Suite 3350, Tampa, Florida 33602-5878.

11. According to the allegations in the Complaint, Universal Healthcare Associates, LLC is a Florida company with a principal office at 4911 Londonberry Drive, Tampa, Florida 33647.

12. According to the allegations in the Complaint, T and C Capital Assets, LLC is a Florida company with a principal office address of 8518 Spring Forrest Lane, Wesley Chapel, Florida 33544.

13. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, as complete diversity exists in this case. Diversity of citizenship exists between Plaintiff and each of the above-named Defendants.

14. The citizenship of the remaining Defendant, Diane K. Patterson ("Ms. Patterson"), alleged in the Complaint to be a resident of Tennessee, should be ignored because she has been fraudulently joined by Plaintiff. Under the fraudulent joinder doctrine, the citizenship of an in-state or non-diverse defendant is ignored where there is no reasonable basis to predict that plaintiff could prevail on the claims as pleaded on the fact of the complaint. *Cofer v. Horsehead Research and Dev. Co.*, 805 F. Supp. 541, 544 (E.D. Tenn. 1991). A federal court may retain removal jurisdiction if a resident party was fraudulently joined, such that an unnecessary party was added merely to avoid federal jurisdiction. *Ennis v. Queen Ins. Co. of America*, 364 F. Supp. 964, 966 (W.D.Tenn.1973).

15. In the Complaint, Plaintiff filed this case against Ms. Patterson, who was the administrator of Dickson Health and Rehab. However, Plaintiff makes no allegations against Ms. Patterson in the Complaint. Rather, Plaintiff makes general allegations of negligence against all Defendants. Under Tennessee law, an "intermediate superior employee can be held responsible only if his personal negligence, in an immediate act or command, was the efficient cause or a coefficient cause of the injury." *Parker v. Vanderbilt Univ.*, 767 S.W.2d 412 (Tenn. Ct. App. 1988) (citing *Brown & Sons Lumber*

*Co. v. Sessler*, 163 S.W. 812, 813–814 (Tenn. 1913)). Ms. Patterson cannot be found vicariously liable for the acts of the staff at Dickson Health and Rehab. Plaintiff has made no specific allegations that any actions on the part of Ms. Patterson were the cause of Mr. Lenins' injuries. In *Parker*, the Tennessee Court of Appeals held that the hospital's Chief of Anesthesiology, Dr. Alcantara, could not be held vicariously liable for the negligent acts of a nurse anesthetist working under protocols that Dr. Alcantara had developed. *Parker*, 767 S.W.2d at 419. The complaint had alleged no acts of negligence by Dr. Alcantara himself, he was not present in the operating room during the operation in question, and did not oversee or direct the nurse anesthetist's actions. *Id.* at 416-17.

16. Because there is no reasonable basis for predicating that Plaintiff could prevail against Ms. Patterson in light of the facts presented, she has been fraudulently joined and, therefore, cannot defeat removal. *See Petties v. Kindred Healthcare, Inc.*, 366 F. Supp.2d 636, 640 (W.D. Tenn. 2005) (stating that in order for a court to determine if a party has been fraudulently joined, it must question "whether there is arguably a reasonable basis for predicating that the state law might impose liability on the facts involved [or]…whether there was any reasonable basis for predicting that plaintiff could prevail). These Defendants need not obtain the consent of Ms. Patterson because, as is set forth herein, Ms. Patterson is fraudulently joined in this action. See *Alexander v. UDV N. Am., Inc.*, 78 F. Supp. 2d 614, 617 n. 4 (E.D. Mich. 1999) (citing *Balazik v. County of Dauphin,* 44 F.3d 209, 213 n.4 (3d Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983)).

17. The $75,000 amount in controversy requirement is also satisfied in this case. While the Complaint does not specify the amount Plaintiff seeks from these Defendants, Plaintiff seeks damages for "injuries including, but not limited to, Cellulitis, wound infections, including MRSA, sepsis, abscess to healed surgical incision, deep vein thrombosis, C. difficile, weight loss, constipation, poor hygiene, debility, extreme physical pain and suffering, and mental and psychological anguish." (Complaint ¶ 56). Therefore, it appears on the face of the Complaint the amount in controversy exceeds the $75,000 jurisdictional requirement of 28 U.S.C. § 1332.

18. A copy of the court file in the State Court Action is attached as Exhibit 1.

19. Contemporaneous with the filing of this Notice of Removal with this Court, these Defendants are filing a Notice of Filing Notice of Removal in the State Court Action (attached as Exhibit 2), as required by 28 U.S.C. § 1446(d), and mailed notice to Plaintiff, through his counsel of record, in the State Court Action.

Respectfully submitted,

**HAGWOOD ADELMAN TIPTON, PC**
*Counsel for Defendants, Dickson Operator, LLC, Windward Health Partners, LLC, and Mission Health of Georgia, LLC,*

*/s/ Rebecca Adelman*
REBECCA ADELMAN, #14736
545 South Main St., Suite 111
Memphis, Tennessee 38103
Tel. 901.529.9313
Fax 901.529.8772

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served via U.S. Mail, first class, postage prepaid, upon the following counsel of record:

William B. Walk
Michael C. Skouteris
Skouteris Walk
431 South Main, Suite 200
Memphis, TN 38103

Cameron Jehl
Jehl Law Group
60 S. Main Street, Suite 191
Memphis, TN 38103

On this 6th day of February, 2015.

*/s/ Rebecca Adelman*
REBECCA ADELMAN