IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTY-THIRD
JUDICIAL DISTRICT AT DICKSON COUNTY

JOSEPH L. LENINS,

        Plaintiff,

v.

    Docket No.: 22cc-2014-cv-133

    **(JURY DEMANDED)**

DICKSON OPERATOR, LLC D/B/A
DICKSON HEALTH AND REHAB A/K/A
DICKSON HEALTHCARE CENTER,
WINDWARD HEALTH PARTNERS, LLC,
MISSION HEALTH OF GEORGIA, LLC,
UNIVERSAL HEALTHCARE ASSOCIATES, LLC,
T AND C CAPITAL ASSETS, LLC, and
DIANE K. PATTERSON,

        Defendants.

FILED December 5 20 14
2:12 PM

Pamela A. Myatt
Circuit Court Clerk

---

## COMPLAINT FOR NURSING HOME NEGLIGENCE

---

COMES NOW the Plaintiff, Joseph L. Lenins, by and through undersigned counsel of

record, and files this Complaint for Nursing Home Negligence against Defendants Dickson

Operator, LLC, d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center, Mission

Health of Georgia, LLC, Windward Health Partners, LLC, Universal Healthcare Associates,

LLC, T and C Capital Assets, LLC and Diane K. Patterson. For these causes of action, the

Plaintiff would show the Court as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Joseph L. Lenins was a resident of Dickson Health and Rehab a/k/a

Dickson Healthcare Center located in Dickson, Tennessee from September 5, 2013 through

September 15, 2013 and from September 27, 2013 through November 15, 2013. Plaintiff Joseph

1

EXHIBIT
1
tabbies

L. Lenins suffered injuries as a result of the neglect of the Defendants Dickson Operator, LLC,

d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center, Mission Health of Georgia,

LLC, Windward Health Partners, LLC, Universal Healthcare Associates, LLC, T and C Capital

Assets, LLC and Diane K. Patterson. At all times during his residency, Plaintiff Joseph L. Lenins

was under the exclusive care of the Defendants. Plaintiff Joseph L. Lenins, at all times relevant

hereto, was a Tennessee resident residing at the Defendants' facility located at 901 N. Charlotte

Street, Dickson, Tennessee, 37055, or at his permanent residence at 1738 Maple Valley Road,

Charlotte, Tennessee, 37036. Hereinafter, Joseph L. Lenins will be referred to as "Mr. Lenins" or

"Plaintiff."

    2.    On August 17, 2014, Plaintiff sent, via certified mail, notice of her intent to

commence action to all named Defendants, in compliance with the requirements dictated by

*Tenn. Code Ann. 26-29-121*, as follows:

> Dickson Operator, LLC,
> d/b/a Dickson Health and Rehab,
> a/k/a Dickson Healthcare Center
> Registered Agent
> c/o Devin Shelby, Administrator
> 901 N. Charlotte Street
> Dickson, Tennessee 37055
>
> Dickson Operator, LLC,
> d/b/a Dickson Health and Rehab,
> a/k/a Dickson Healthcare Center
> Registered Agent
> CorpDirect Agents, Inc.
> 800 South Gay Street
> Suite 2021
> Knoxville, Tennessee 37929
>
> Mission Health of Georgia, LLC
> c/o CorpDirect Agents, Inc.
> 800 South Gay Street
> Suite 2021
> Knoxville, Tennessee 37929

2

Mission Health of Georgia, LLC
100 North Tampa Street
Suite 3350
Tampa, Florida 33602

Windward Health Partners, LLC
c/o National Registered Agents, Inc.,
Registered Agent
800 South Gay Street
Knoxville, Tennessee 37929

Windward Health Partners, LLC
100 North Tampa Street, Suite 3350
Tampa, Florida, 33602

Universal Healthcare Associates, LLC
c/o Bruce E. Wertheim, Registered Agent
4911 Londonberry Drive
Tampa, Florida 33647

Universal Healthcare Associates, LLC
4911 Londonberry Drive
Tampa, Florida 33647

T and C Capital Assets, LLC
c/o Joseph M. Passero, Registered Agent
8518 Spring Forest Lane
Wesley Chapel, Florida 33544

T and C Capital Assets, LLC
8518 Spring Forest Lane
Wesley Chapel, Florida 33544

Diane K. Patterson
Administrator of Dickson Health and Rehab
a/k/a Dickson Healthcare Center
310 Welchwood Drive
Clarksville, Tennessee 37040

Diane K. Patterson
Administrator of Dickson Health and Rehab
a/k/a Dickson Healthcare Center
901 North Charlotte Street
Dickson, Tennessee 37055

3

3.    The foregoing statue has therefore tolled the limitations period by one hundred twenty (120) days for Plaintiff's claims against the notified Defendants, and accordingly, all of Plaintiff's claims are timely filed.

4.    Attached herein are copies of Plaintiff's Letters of Intent to Commence Suit, relevant Certificate of Mailing and Affidavit of Compliance, executed pursuant to statute.

5.    Also attached herein is the statutorily required *Certificate of Good Faith*, as executed by Plaintiff's counsel.

6.    Upon information and belief, Defendant Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center, in its assumed or common name, is a Florida company, with a principal office address of 100 N. Tampa Street, Suite 3550; Tampa, Florida 33602-5878. Upon information and belief, Defendant Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center is in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities and/or properties, including Dickson Health and Rehab a/k/a Dickson Healthcare Center located at 901 North Charlotte Street, Dickson, Tennessee, 37055 at all times material to this lawsuit. Upon further information and belief, Defendant Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center may be served with process in Tennessee through its registered agent, CorpDirect Agents, Inc., located at 800 South Gay Street, Suite 2021; Knoxville, Tennessee 37929. For additional information, *see* section, "JOINT VENTURE AND PIERCING CORPORATE VEIL" in the paragraphs below. Hereinafter, this Defendant will be referred to as "Dickson Health and Rehab" or "Nursing Home."

4

7.    Upon information and belief, Defendant Mission Health of Georgia, LLC, in its assumed or common name, is a Florida company, with a principal office address of 100 N. Tampa Street, Suite 3550; Tampa, Florida 33602-5878. Upon information and belief, Defendant Mission Health of Georgia, LLC is in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities and/or properties, including Dickson Health and Rehab a/k/a Dickson Healthcare Center, located at 901 North Charlotte Street, Dickson, Tennessee, 37055 at all times material to this lawsuit. Upon further information and belief, Defendant Mission Health of Georgia, LLC may be served with process in Tennessee through its registered agent, CorpDirect Agents, Inc., located at 800 South Gay Street, Suite 2021; Knoxville, Tennessee 37929. For additional information, *see* section, "JOINT VENTURE AND PIERCING CORPORATE VEIL" in the paragraphs below.

8.    Upon information and belief, Defendant Windward Health Partners, LLC, in its assumed or common name, is a Florida company, with a principal office address of 100 North Tampa Street, Suite 3350; Tampa, Florida 33602. Upon information and belief, Defendant Windward Health Partners, LLC is in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities and/or properties, including the Dickson Health and Rehab a/k/a Dickson Healthcare Center, located at 901 North Charlotte Street, Dickson, Tennessee 37055, at all times material to this lawsuit. Upon further information and belief, Defendant Windward Health Partners, LLC may be served with process in Tennessee through its registered agent, National Registered Agents, Inc., located at 800 South Gay Street, Suite 2021; Knoxville, Tennessee 37929. For additional information, *see* section, "JOINT VENTURE AND PIERCING CORPORATE VEIL" in the paragraphs below.

5

9.     Upon information and belief, Defendant Universal Healthcare Associates, LLC, in its assumed or common name, is a Florida company, with a principal office address of 4911 Londonberry Drive; Tampa, Florida 33647. Upon information and belief, Defendant Universal Healthcare Associates, LLC, is in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities and/or properties, including Dickson Health and Rehab a/k/a Dickson Healthcare Center located at 901 North Charlotte Street; Dickson, Tennessee 37055, at all times material to this lawsuit. Upon further information and belief, Defendant Universal Healthcare Associates, LLC may be served with process through its registered agent Bruce E. Wertheim, located at 4911 Londonberry Drive; Tampa, Florida, 33647. For additional information, *see* section, "JOINT VENTURE AND PIERCING CORPORATE VEIL" in the paragraphs below.

10.     Upon information and belief, Defendant T and C Capital Assets, LLC, in its assumed or common name, is a Florida company, with a principal office address of 8518 Spring Forrest Lane; Wesley Chapel, Florida, 33544. Upon information and belief, Defendant T and C Capital Assets, LLC is in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities, including Dickson Health and Rehab a/k/a Dickson Healthcare Center located at 901 North Charlotte Street; Dickson, Tennessee, 37055, at all times material to this lawsuit. Upon further information and belief, Defendant T and C Capital Assets, LLC may be served with process through its registered agent Joseph M. Passero, located at 8518 Spring Forest Lane; Wesley Chapel, Florida 33544. For additional information, *see* section, "JOINT VENTURE AND PIERCING CORPORATE VEIL" in the paragraphs below.

11.     Upon information and belief, Defendant Diane K. Patterson, at all times material hereto, served as the administrator for Dickson Health and Rehab a/k/a Dickson Healthcare

6

Center, located at 901 North Charlotte Street, Dickson, Tennessee, 37055. Upon further information and belief, Defendant Diane K. Patterson can be served with process at 310 Welchwood Drive; Clarksville, Tennessee, 37040, and at 901 North Charlotte Street; Dickson, Tennessee, 37055.

12.     The injuries making the basis of this lawsuit were a product of the corporate and financial policies designed, formulated, and implemented by these aforementioned Defendants in Dickson, Tennessee, as well as the negligent care administered by these Defendants in Dickson, Tennessee. Venue for this action therefore lies in Dickson, Dickson County, Tennessee.

13.     The Court has jurisdiction of this matter.

14.     Plaintiff's Complaint was filed within one (1) year of Plaintiff's discovery of the facts giving rise to his causes of action.

## II.     DEFINITIONS

15.     Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit.

16.     Whenever in this Complaint it is alleged that Defendants did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of the designated companies, respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said Defendants.

## III.     FACTS

17.     Plaintiff Joseph L. Lenins ("Mr. Lenins") was a resident of Dickson Health and Rehab a/k/a Dickson Healthcare Center located in Dickson, Tennessee from September 5, 2013 through September 15, 2013 and from September 27, 2013 through November 15, 2013.

7

18.     While in the care of Defendants, Mr. Lenins suffered from clinically avoidable injuries and harm, including, but not limited to, the following:

        a.   Severe Pressure Ulcers;

        b.   Wound infection, including MRSA;

        c.   Development and impeded healing to right heel deep tissue injury;

        d.   Cellulitis;

        e.   Weight loss;

        f.   Malnutrition;

        g.   Deep Venous Thrombosis;

        h.   Abscess to healed surgical incision;

        i.   Sepsis;

        j.   Constipation;

        k.   C. difficile;

        l.   Debility;

        m.   Poor hygiene; and,

        n.   Unnecessary physical suffering and mental anguish.

19.     As a direct and proximate result of these injuries, Mr. Lenins required medical attention and hospitalization on several occasions, at Horizon Medical Center, The Surgical Clinic, PLLC, and Suncrest Home Health of Nashville.

20.     Mr. Lenins incurred significant, necessary medical expenses from these hospitalizations relative to the treatment of the aforementioned injuries.

## IV.    CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE

8

21.     Plaintiff re-alleges and incorporates the allegations contained in all foregoing paragraphs, as if fully set forth herein.

22.     At all times material herein, the recognized standards of acceptable professional practices for long term care facilities and nursing homes practicing skilled nursing care in Dickson, Tennessee or a similar community required Defendants:

a.      To properly draft and implement care plan interventions for prevention and treatment of pressure ulcers, Cellulitis, wound infections, C. difficile, deep venous thrombosis, weight loss, constipation, debility, abscesses to surgical incisions and sepsis;

b.      To accurately perform Braden scores to determine risk factors for skin breakdown (worsening of pressure ulcers), and to implement care plan interventions and physician orders to prevent and treat skin breakdown;

c.      To timely consult wound care nurses or physicians to report significant clinical changes in the pressure ulcers, surgical incisions and other skin issues and ensure modifications of care plans or physician orders to address those substantial clinical changes;

d.      To off-load pressure at bony prominences for residents such as Mr. Lenins, who were immobile, bed-bound, incontinent, malnourished with sensory losses impairing her ability to appreciate and respond to unrelieved, prolonged pressure;

e.      To provide appropriate specialty support surfaces for off-loading pressure at bony prominences and areas of existing skin breakdown;

f.      To accurately perform weekly skin assessments and report significant findings to the wound care nurse or MD for surgical incision sites and areas of Cellulitis;

9

g.      To accurately document wound tracking to identify clinical changes in the pressure ulcers, surgical incisions, areas of Cellulitis so that care plans and physician orders would be properly modified;

h.      To implement turning schedules which kept Ms. Lenins off of his areas of skin breakdown;

i.      To draft and implement appropriate care plans to address Mr. Lenin's risk factors for malnutrition, weight loss and constipation;

j.      To provide ADL care including turning and repositioning, assistance/encouragement with meals and hydration.

k.      To draft and implement care plans for the prevention of falls, and to modify care plans to address preventable falls;

l. '    To draft and implement care plans for the prevention of wound infections, deep vein thrombosis, C. difficile, abscess to healed surgical incision, Cellulitis, sepsis; and to modify said care plans upon occurrence or worsening of any of the conditions listed herein;

m.      To monitor high risk residents such as Mr. Lenins for the tell-tale signs and symptoms of Cellulitis, wound infections, sepsis, abscess to healed surgical incision, deep vein thrombosis, C. difficile, weight loss, constipation, poor hygiene, debility and severe pain; and to timely address the clinical onset of these conditions by reporting significant clinical changes to the physician and ensuring timely treatment or transport to an acute care facility;

10

n.      To promptly recognize and report signs of Cellulitis, wound infections including MRSA, sepsis, abscess to healed surgical incision, deep vein thrombosis, C. difficile, weight loss, constipation, poor hygiene, debility and severe pain;

o.      To promptly notify the attending physician immediately upon the onset of the aforementioned symptoms; and,

p.      To promptly initiate transport of a patient such as Mr. Lenins exhibiting signs of the above referenced conditions.

23.      At all times material hereto, Defendants fell below the recognized standards of acceptable professional practice in Dickson, Tennessee or a similar community in providing care to Mr. Lenins by failing to follow care plans and physician orders, including ADL care, for the prevention and response to Cellulitis, wound infections including MRSA, sepsis, abscess to healed surgical incision, deep vein thrombosis, C. difficile, weight loss, constipation, poor hygiene, debility and severe pain.

24.      Defendants are guilty of one or more of the following acts of negligence and medical malpractice, each and every such act being a direct and proximate contributing factor of the Mr. Lenins' clinically avoidable injuries and/or deterioration thereof;

a.      Negligently and carelessly failing to exercise the degree of care and skill required of reasonable and prudent nursing home under the same or similar circumstances;

b.      Negligently and carelessly deviating from the standard of care required and expected of long term care facility under the circumstances;

c.      Negligently and carelessly falling below the standard of care in failing to following the care plan and physician orders for the prevention and treatment of Cellulitis, wound infections including MRSA, sepsis, abscess to healed surgical

11

incision, deep vein thrombosis, C. difficile, weight loss, constipation, poor hygiene, debility and severe pain; and,

d.   Negligently and carelessly falling below the standard of care in failing to provide ADL care as Mr. Lenins was dependent on the Defendants' staff for turning/repositioning, wound care, wound vac, prevention of deep venous thrombosis, feedings, hydration, hygiene, infection control/prevention and pain management.

25.   As a direct and proximate result of the negligence of Defendants, Mr. Lenins suffered Cellulitis, wound infections including MRSA, sepsis, abscess to healed surgical incision, deep vein thrombosis, C. difficile, weight loss, constipation, poor hygiene, debility and severe pain;

## COUNT TWO: MEDICAL NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABILITY ACT, TENN. CODE ANN. § 29-26-115, ET SEQ.

26.   Plaintiff hereby re-alleges and incorporates the allegations contained in all foregoing paragraphs, as if fully set forth herein.

27.   Defendants owed a duty to their residents, including Mr. Lenins, to render care and services as a reasonably prudent and similarly situated nursing home would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

28.   Defendants owed a duty to their residents, including Mr. Lenins, in attending to and maintaining the highest level of physical, mental, and psychological well-being.

29.   Defendants deviated from the standard of care, violating their duty to Mr. Lenins, through negligence. The medical negligence of Defendants includes, but is not limited to, the following acts or omissions:

12

a.     Failure to provide and ensure adequate nursing care plans, including necessary revisions, based on the "high risk" medical conditions of Mr. Lenins;

b.     Failure to implement and ensure that an adequate nursing care plans and physician orders for Mr. Lenins were followed by nursing personnel for the prevention and timely response to Cellulitis, wound infections including MRSA, abscess to healed surgical incision, sepsis, deep venous thrombosis, C. difficile, weight loss, constipation, debility, poor hygiene and severe pain;

c.     Failure to provide ADL care as required by care plans and physician orders;

d.     Failure to monitor and report the classic signs of Cellulitis, wound infections, abscess to incision site, deep venous thrombosis, C. difficile and sepsis; and,

e.     Failure to provide timely interventions for the aforementioned conditions to Mr. Lenins, including physician notification and/or immediate transport to the hospital or wound care clinic.

30.     A reasonably prudent nursing home, management company and/or owner under the same or similar conditions, would not have failed to provide the care listed in this Complaint. Each of the foregoing acts of negligence on the part of Defendants was a direct and proximate cause of Mr. Lenins' injuries. Mr. Lenins' injuries were all foreseeable to Defendants.

31.     Defendants' conduct in breaching the duties owed to Mr. Lenins was negligent, grossly negligent, and/or reckless.

32.     The injuries hereinafter described are a direct and proximate result of the acts or omissions set forth above, singularly or in combination.

33.     Plaintiff seeks compensatory damages in an amount to be determined by a jury, plus costs and any other relief to which Plaintiff is entitled by law.

13

**COUNT THREE: VIOLATION OF THE TENNESSEE NURSING HOME RESIDENTS RIGHTS ACT-NEGIGLENCE PER SE, PURSUANT TO TENN. CODE ANN. § 68-11-901, ET *SEQ*.**

34.     Plaintiff re-alleges and incorporates the allegations contained in all foregoing paragraphs, as if fully set forth herein.

35.     At all times during Ms. Lenins residency with Defendants' facility, he was a "resident" pursuant to Tenn. Code Ann. § 68-11-901, et *seq.*, the Tennessee Nursing Home Residents' Rights Act ("TNHRRA"), and the corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, namely the Nursing Home Rules and Regulations § 1200-8-6, et *seq*. The particular violations include, but are not limited to, violations of Tenn. Code Ann. § 68-11-901(21), as "abuse or neglect" are defined in Tenn. Code Ann. § 71-6-102(1)(A) and "caretaker" is defined in Tenn. Code Ann. § 71-6-102(5)(A). Accordingly, Mr. Lenins was a member of the class that TNHRRA is intended to protect.

36.     As a direct and proximate result of the acts or omission of Defendants as set forth above, which constitute a violation of the TNHRRA of Defendants' failures to properly prevent and/or treat Mr. Lenins' healed surgical incision site, right heel deep tissue injury, pressure ulcers, C. difficile, Cellulitis, sepsis, weight loss, debility, constipation, and pain-, all of which singularly and collectively continued to progress and deteriorate. Accordingly, the injuries suffered by Mr. Lenins were of the type that the TNHRRA is designed to prevent.

37.     As a further direct and proximate result of Defendants' acts or omissions, Mr. Lenins required medical attention and hospitalization, thereby incurring additional reasonable and necessary medical expenses. Violations of the TNHRRA were a direct and proximate cause of Mr. Lenins' injuries.

14

38.     The acts or omissions of Defendants constituting violations of the TNHRRA caused damages to Ms. Lenins as heretofore described, thus Plaintiff is entitled to recover against Defendants compensatory damages in an amount to be determined by a jury, as well as attorney's fees, plus costs of any other relief to which Plaintiff is entitled by law.

## COUNT FOUR: VIOLATION OF THE TENNESSEE ADULT PROTECTION ACT, PURSUANT TO TENN. CODE ANN. § 71-6-101, ET *SEQ.*

39.     Plaintiff re-alleges and incorporates the allegations contained in all foregoing paragraphs, as if fully set forth herein.

40.     At all times during Mr. Lenins' residency with Defendants' facility, he was an "elderly person" and an "adult" of "advanced age" pursuant to Tenn. Code Ann. § 71-6-101, et *seq.*, the Tennessee Adult Protection Act ("TAPA"). The acts or omissions of Defendants as set forth above occurred in facilities or were committed by staff of facilities licensed or required to be licensed under Tenn. Code Ann. § 68 or 33. Accordingly, Mr. Lenins was a member of the class that TAPA is intended to protect.

41.     The acts or omissions of Defendants as set forth above constitute "abuse or neglect" as defined by TAPA. Accordingly, the injuries suffered by Mr. Lenins are of the type that TAPA is designed to prevent.

42.     As a direct and proximate result of the acts or omissions of Defendants as set forth above, Mr. Lenins suffered mental anguish, extreme physical and mental pain and suffering and physical injuries, which include, but are not limited to, those described above. As a further direct and proximate result of Defendants' conduct, Mr. Lenins required reasonable and necessary medical attention, thereby incurring significant medical expenses. Defendants'

15

violation of TAPA was the direct and proximate cause of Mr. Lenins' clinically avoidable injuries.

43. The acts or omissions of Defendants constituting "abuse or neglect" as defined by TAPA, causing damages to Mr. Lenins as heretofore described, entitle Plaintiff to recover against Defendants compensatory damages in an amount to be determined by a jury, as well as attorney's fees pursuant to TAPA, plus costs of any other relief to which Plaintiff is entitled by law.

## COUNT FIVE: BREACH OF CONTRACT

44. Plaintiff re-alleges and incorporates the allegations contained in all foregoing paragraphs, as if fully set forth herein.

45. Upon becoming a resident of Defendants' facility, Mr. Lenins entered into an express or implied contract with Defendants, and Defendants contract with the State of Tennessee and the federal government, whereby for consideration duly paid by Mr. Lenins, or on her behalf, Defendants were to provide Mr. Lenins a place of residence and to provide her nutrition, personal care, and nursing care. By terms of such contract(s), or Admissions Agreement or provider agreement(s), Defendants expressly or impliedly agreed or warranted to use reasonable care and diligence in providing nursing care to Mr. Lenins, and to exercise reasonable care in maintain the personal safety and general health and welfare of Mr. Lenins. Pursuant to such contract, Mr. Lenins was entrusted to Defendants' sole custody and care.

46. As a direct and proximate consequence of the aforementioned acts, omissions, failures, and substandard care, Defendants breached the terms of the foregoing warranty and/or contract, and Mr. Lenins was caused to suffer extreme pain and suffering and unnecessary medical treatments.

16

47.     Plaintiff seeks compensatory damages against Defendants in an amount to be determined by a jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT SIX: BREACH OF FIDUCIARY DUTY

48.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-48, as if fully set forth herein.

49.     As a resident of Defendants' facility, Mr. Lenins was particularly dependent for her daily care and well- being upon the Defendants, their employees and agents.

50.     Plaintiff and his family relied upon the supposed superior knowledge, skill, and herein abilities Defendants, that the Defendants held themselves out to have. Plaintiff and his family also relied on Defendants to provide care for Mr. Lenins who, because of his age and need for rehabilitation, was not able to care for himself.

51.     By virtue of the nature of the services rendered to Mr. Lenins by Defendants, and the special relationship which developed between Defendants and Mr. Lenins, as well as the huge disparity of power and unequal bargaining positions existing between Defendants and Mr. Lenins, Defendants occupied a position of confidence toward Mr. Lenins, which required fidelity, loyalty, good faith, and fair dealing.

52.     Defendants breached their fiduciary duty and duty of full faith and fair dealing to Mr. Lenins by failing to provide the appropriate level of care and preventive services to which Mr. Lenins was entitled, by accepting payment for services and care not adequately provided to Mr. Lenins.

53.     As a direct and proximate result of the foregoing breaches of duty by Defendants, Mr. Lenins suffered injuries and deterioration of those injuries.

17

54.     Based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages against Defendants, including, but not limited to, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, failure to thrive, and humiliation and disfigurement, in an amount to be determined by a jury, plus costs and all other relief to which Plaintiff is entitled by law. Plaintiff also seeks the imposition of a constructed trust on all wrongful profits and proceeds arising out of Defendants' breach of fiduciary duty to Mr. Lenins.

## V.     DAMAGES

55.     Plaintiff re-alleges and incorporates the allegations contained in all foregoing paragraphs, as if fully set forth herein.

56.     As a direct and proximate result of the negligence of Defendants as set out above, Mr. Lenins suffered from injuries including, but not limited to, Cellulitis, wound infections including MRSA, sepsis, abscess to healed surgical incision, deep vein thrombosis, C. difficile, weight loss, constipation, poor hygiene, debility, extreme physical pain and suffering, and mental and psychological anguish. As a result, Mr. Lenins additionally incurred further medical treatment and hospitalization, significant related medical expenses, embarrassment, failure to thrive, and physical impairment.

57.     Plaintiff seeks compensatory damages against Defendants in an amount to be determined by a jury, plus all costs and all other relief to which Plaintiff is entitled by law.

## VI.     JOINT VENTURE AND PIERCING THE CORPORATE VEIL

58.     Defendants Dickson Operator, LLC, d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center, Mission Health of Georgia, LLC, Windward Health Partners, LLC, Universal Healthcare Associates, LLC, T and C Capital Assets, LLC constituted a single

18

business enterprise and Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center serving as merely an "alter ego" Defendants Mission Health of Georgia, LLC, Windward Health Partners, LLC, Universal Healthcare Associates, LLC, T and C Capital Assets, LLC

59.   Defendants unlawfully disregarded and failed to maintain their status as separate legal entities for the sole purpose of avoiding liability with reserving to the owners the benefits gained through use of the corporate name.

60.   The limited liability forms and alleged separate legal entities should be disregarded as the aforementioned corporate entities were engaged in a joint venture. Defendants Mission Health of Georgia, LLC, Windward Health Partners, LLC, Universal Healthcare Associates, LLC, T and C Capital Assets, LLC used Defendant Dickson Operator, LLC, d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center as a mere instrumentality and subverting same to their corporate use and benefit.

61.   The Court should disregard the alleged separate corporate entities and "pierce the corporate veil" in finding Defendants) used their limited liability form to escape personal and corporate liability to promote injustice, and protect these individuals and entities from payment of just obligations.

62.   The aforementioned entities and individuals were so organized and controlled/conducted their business in such a manner as to render the Defendant Dickson Operator, LLC, d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center as mere instrumentalities of Defendants Mission Health of Georgia, LLC, Windward Health Partners, LLC, Universal Healthcare Associates, LLC, T and C Capital Assets, LLC.

19

63.     The parent companies listed herein exercise an "indicia of control" over the subsidiary facility and/or management company, as evidenced by the following:

64.     The parent companies owned all or most of the stock of the subsidiary company(ies); the parent and subsidiary entity (ies) shared common directors and officers; the parent companies financed the subsidiary company (ies); the parent companies grossly under-capitalized the subsidiary company (ies); the subsidiary companies had substantially no business except with the parent companies and no assets except those conveyed by the parent entities; state and federal filings and other papers of the parent corporations describe the subsidiary nursing home and/or management company as a department of division of the parent companies; the parent company uses the property of the subsidiary entities as its own; the directors and officers of the subsidiary companies do not act independently in the interest of the subsidiary, but rather take their orders from the parent companies; and the formal legal requirements of the subsidiary are not observed.

## VII.     REQUEST FOR TRIAL BY JURY

65.     Pursuant to the Tennessee Rules of Civil Procedure, Plaintiff demands that all issues of fact in this case be tried by a jury.

## VIII.     PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for judgment against Defendants, as follows:

1.     For damages to be determined by a jury, in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damages he sustained;

20

2.    For all general and specific damages caused by the alleged conduct of Defendants;

3.    For the costs of litigating this case; and,

4.    For all damages that Plaintiff may show himself justly entitled.


Respectfully submitted,

Skouteris Walk, PLLC

By:

WILLIAM B. WALK, JR. (BPR #13989)
MICHAEL C. SKOUTERIS (BPR #17566)
431 South Main, Suite 200
Memphis, Tennessee 38103
(901) 526-2254
(901) 526-4660  Facsimile


CAMERON C. JEHL
JEHL LAW GROUP
60 S. Main Street, Suite 191
Memphis, Tennessee 38103
(901) 322-4232 phone
(901) 322-4231 fax

*Attorneys for Plaintiff*

21

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTY-THIRD
## JUDICIAL DISTRICT AT DICKSON COUNTY

JOSEPH L. LENINS,

      **Plaintiff,**

v.

DICKSON OPERATOR, LLC D/B/A
DICKSON HEALTH AND REHAB A/K/A
DICKSON HEALTHCARE CENTER,
WINDWARD HEALTH PARTNERS, LLC,
MISSION HEALTH OF GEORGIA, LLC,
UNIVERSAL HEALTHCARE ASSOCIATES, LLC,
T AND C CAPITAL ASSETS, LLC, and
DIANE K. PATTERSON,

      **Defendants.**

Docket No.: 22cc-2014-CV433

**(JURY DEMANDED)**

FILED _December 5_ 20 14
            2:12 PM
        Pamela A. Myatt
       Circuit Court Clerk

## CERTIFICATE OF GOOD FAITH
### Health Care Liability Case

### PLAINTIFF'S FORM

A.    In accordance with T.C.A. § 29-26-122, Plaintiff's counsel hereby state the following:

1. The Plaintiff's counsel have consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

        (A)    Are competent under § 29-26-115 to express opinion(s) in the case; and

        (B)    Believe, based on the information available from the medical records concerning the care and treatment of the Plaintiff for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115.

B.    Plaintiff's counsel have been found in violation of T.C.A. § 29-26-122 **0** prior times.

1

Respectfully submitted,

Skouteris Walk, PLLC

By: WILLIAM B. WALK, JR. (BPR #13989)

MICHAEL C. SKOUTERIS (BPR #17566)

431 South Main, Suite 200
Memphis, Tennessee 38103
(901) 526-2254
(901) 526-4640  Facsimile

*Attorneys for Plaintiff*

Date:    12-vj-1vi

2

IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTY-THIRD
JUDICIAL DISTRICT AT DICKSON COUNTY

JOSEPH L. LENINS,

Plaintiff,

v.

Docket No.: 22cc-2014-cv-133

(JURY DEMANDED)

DICKSON OPERATOR, LLC D/B/A
DICKSON HEALTH AND REHAB A/K/A
DICKSON HEALTHCARE CENTER,
WINDWARD HEALTH PARTNERS, LLC,
MISSION HEALTH OF GEORGIA, LLC,
UNIVERSAL HEALTHCARE ASSOCIATES, LLC,
T AND C CAPITAL ASSETS, LLC, and
DIANE K. PATTERSON,

Defendants.

FILED December 5, 2014
2:12 PM
Pamela A. Myatt
Circuit Court Clerk

## AFFIDAVIT OF COMPLIANCE

STATE OF TENNESSEE:
COUNTY OF SHELBY:

I, Carey L. Acerra, do make oath as follows:

1.    I am an adult resident citizen of Memphis, Shelby County in the State of Tennessee,
      and I acted as an initial counsel of record for the Plaintiff in the above-referenced
      matter.

2.    In compliance with TCA 29-26-121, on August 7, 2014, I drafted and submitted
      the appropriate "Notice of Intent to Sue" letters to the named defendants in this case
      via certified mail return receipt requested. The specified notice was timely mailed
      and I have complied with T.C.A. § 29-26-121.

1

3. Attached to this affidavit are copies of the "Notice of Intent to Sue" letters, along with the proof of mailing forms.

Further Affiant sayeth not:

_____
CAREY L. ACERRA

_____
Notary Public

**MY COMMISSION EXPIRES:**
**SEPTEMBER 3, 2018**

_____
My commission expires:



2



# JEHL LAW GROUP PLLC

Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

August 7, 2014

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9662**

Dickson Operator, LLC.
d/b/a Dickson Health and Rehab
a/k/a Dickson Healthcare Center
c/o CorpDirect Agents, Inc., Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929



FILED December 5 20 14
2:12 PM
Pamela A. Myatt
Circuit Court Clerk

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9679**

Dickson Operator, LLC
d/b/a Dickson Health and Rehab
a/k/a Dickson Healthcare Center
100 North Tampa Street, Suite 3550
Tampa, FL 33602

**Re:** Joseph L. Lenins v. Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets, LLC; and Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab

Dear Sir or Madam:

I am the attorney representing Joseph L. Lenins and am his authorized agent.

Through me, Joseph L. Lenins is asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

60 South Main Street | Suite 101 | Memphis, TN 38103
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

Patient:                           Joseph L. Lenins
Date of Birth:               October 31, 1947
Claimant's Name and Address:   Joseph L. Lenins
                                        1738 Maple Valley Road
                                        Charlotte, TN 37036

Relationship to Patient:        Self

Due to the poor care provided to Joseph L. Lenins during his residency at Dickson Health and Rehab, Joseph L. Lenins suffered from, among other things, cellulitis; wound infections, including MRSA; abscess to healed surgical incision; sepsis; clostridium difficile; weight loss; poor hygiene; severe pain; and injuries to his dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

6.  Universal Healthcare Associates, LLC
    c/o Bruce E. Wertheim, Registered Agent
    4911 Londonberry Drive
    Tampa, FL 33647

    Universal Healthcare Associates, LLC
    4911 Londonderry Drive
    Tampa, FL 33647

7.  T and C Capital Assets, LLC
    c/o Joseph M. Passero, Registered Agent
    8518 Spring Forest Lane
    Wesley Chapel, FL 33544

    T and C Capital Assets, LLC
    8518 Spring Forest Lane
    Wesley Chapel, FL 33544

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Joseph L. Lenins_ , do hereby authorize _Dickson Operator, LLC d/b/a Dickson Health and Rehab_
_a/k/a Dickson Healthcare Center ; Mission Health of Georgia, LLC ; Windward Health Partners LLC ; Universal_
_Healthcare Associates, LLC ; Tand C Capital Assets, LLC ; Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab_
("health care providers") to furnish and disclose to _Dickson Operator, LLC d/b/a Dickson_ or to any representative
or attorney from their office a full, complete, and black & white copy of any and all protected health information
regarding patient, _Joseph L. Lenins_ , Date of Birth: _10-31-1947_, Social Security
Number: _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_ specifically including any and all records for service from _8-7-07_ to _8-7-14_ ,
including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports,
emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians'
notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets,
RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge
summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs,
activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports,
clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports,
intensive care unit records, patient activity flow sheets, prescription orders, medication administration records,
controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for
treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment
rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any
information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or
genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile
insurance carriers to release any and all information regarding said patient in their possession, including, but not
limited to, all payment, or non-payment information and any collateral source information, to
_Dickson Operator, LLC d/b/a Dickson Health_
_and Rehab_

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any
psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication
with _Dickson Operator, LLC d/b/a Dickson Health_ or any of their representatives is **absolutely** forbidden.
_and Rehab_
Copies of any documents produced to _Dickson Operator, LLC d/b/a Dickson Health_ , pursuant to this limited
_and Rehab_
medical authorization, should be furnished to Jehl Law Group, PLLC, 60 S. Main Street, Suite 101, Memphis,
Tennessee 38103, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that
any health care provider disclosing the above-requested information may not condition said patient's treatment,
payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can
be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s)
being provided with this request, but any such revocation is and will be ineffective as to any information already
released in reliance with the Authorization. The undersigned is aware of the potential that protected health
information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be
protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be
considered as effective and valid as the original, and this authorization will expire on
_2-7-15_ .

Dated: _8-7-14_       Signed: _[signature]_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_



# JEHL LAW GROUP PLLC
Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

August 7, 2014

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ARTICLE NUMBER 7012 2210 0001 5004 9655

Dickson Operator, LLC
d/b/a Dickson Health and Rehab
a/k/a Dickson Healthcare Center
c/o Devin Shelby, Administrator
901 North Charlotte Street
Dickson, TN 37055

Re:   Joseph L. Lenins v. Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a
      Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health
      Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets,
      LLC; and Diane K. Patterson, in her capacity as Administrator of Dickson Health
      and Rehab

Dear Sir:

I am the attorney representing Joseph L. Lenins and am his authorized agent.

Through me, Joseph L. Lenins is asserting, among other claims, a potential claim for
medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

| | |
|---|---|
| Patient: | Joseph L. Lenins |
| Date of Birth: | October 31, 1947 |
| Claimant's Name and Address: | Joseph L. Lenins |
| | 1738 Maple Valley Road |
| | Charlotte, TN 37036 |
| Relationship to Patient: | Self |

Due to the poor care provided to Joseph L. Lenins during his residency at Dickson Health
and Rehab, Joseph L. Lenins suffered from, among other things, cellulitis; wound infections,
including MRSA; abscess to healed surgical incision; sepsis; clostridium difficile; weight loss;
poor hygiene; severe pain; and injuries to his dignity.

60 South Main Street | Suite 101 | Memphis, TN 38103
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Joseph L. Lenins

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A.
Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1.    Diane K. Patterson, in her capacity as
      Administrator of Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      310 Welchwood Drive
      Clarksville, TN 37040

      Diane K. Patterson, in her capacity as
      Administrator of Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      901 North Charlotte Street
      Dickson, TN 37055

2.    Dickson Operator, LLC
      d/b/a Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      c/o Devin Shelby, Administrator
      901 North Charlotte Street
      Dickson, TN 37055

3.    Dickson Operator, LLC.
      d/b/a Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      c/o CorpDirect Agents, Inc., Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Dickson Operator, LLC
      d/b/a Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      100 North Tampa Street, Suite 3550
      Tampa, FL 33602

4.    Mission Health of Georgia, LLC
      c/o CorpDirect Agents, Inc., Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Mission Health of Georgia, LLC
      100 North Tampa Street, Suite 3550
      Tampa, FL 33602

5.    Windward Health Partners LLC
      c/o National Registered Agents, Inc., Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

6.   Universal Healthcare Associates, LLC
     c/o Bruce E. Wertheim, Registered Agent
     4911 Londonberry Drive
     Tampa, FL 33647

     Universal Healthcare Associates, LLC
     4911 Londonderry Drive
     Tampa, FL 33647

7.   T and C Capital Assets, LLC
     c/o Joseph M. Passero, Registered Agent
     8518 Spring Forest Lane
     Wesley Chapel, FL 33544

     T and C Capital Assets, LLC
     8518 Spring Forest Lane
     Wesley Chapel, FL 33544

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Joseph L. Lenins_ , do hereby authorize _Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; Tand C Capital Assets, LLC; Diane K. Patterson, in her capacities Administrator of Dickson Health and Rehab_ ("health care providers") to furnish and disclose to _Dickson Operator, LLC d/b/a Dickson_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Joseph L. Lenins_ , Date of Birth: _10-31-1947_, Social Security Number: _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_ specifically including any and all records for service from _8-7-07_ to _8-7-14_ , including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Dickson Operator, LLC d/b/a Dickson Health and Rehab_ .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Dickson Operator, LLC d/b/a Dickson Health and Rehab_ or any of their representatives is **absolutely** forbidden. Copies of any documents produced to _Dickson Operator, LLC d/b/a Dickson Health and Rehab_ , pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _2-7-15_ .

Dated: _8-7-14_ Signed: _Joseph L. Lenins_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

August 7, 2014

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9686**

Mission Health of Georgia, LLC
c/o CorpDirect Agents, Inc., Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9693**

Mission Health of Georgia, LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

**Re:**  Joseph L. Lenins v. Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets, LLC; and Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab

Dear Sir or Madam:

I am the attorney representing Joseph L. Lenins and am his authorized agent.

Through me, Joseph L. Lenins is asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Case 3:15-cv-00120   Document 1-1   Filed 02/09/15   Page 35 of 63 PageID #: 41

Patient:                    Joseph L. Lenins
Date of Birth:            October 31, 1947
Claimant's Name and Address:    Joseph L. Lenins
                                   1738 Maple Valley Road
                                   Charlotte, TN 37036

Relationship to Patient:       Self

Due to the poor care provided to Joseph L. Lenins during his residency at Dickson Health and Rehab, Joseph L. Lenins suffered from, among other things, cellulitis; wound infections, including MRSA; abscess to healed surgical incision; sepsis; clostridium difficile; weight loss; poor hygiene; severe pain; and injuries to his dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Joseph L. Lenins

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1. Diane K. Patterson, in her capacity as
   Administrator of Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   310 Welchwood Drive
   Clarksville, TN 37040

   Diane K. Patterson, in her capacity as
   Administrator of Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   901 North Charlotte Street
   Dickson, TN 37055

2. Dickson Operator, LLC
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   c/o Devin Shelby, Administrator
   901 North Charlotte Street
   Dickson, TN 37055

3. Dickson Operator, LLC.
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   c/o CorpDirect Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Dickson Operator, LLC
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   100 North Tampa Street, Suite 3550
   Tampa, FL 33602

4. Mission Health of Georgia, LLC
   c/o CorpDirect Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Mission Health of Georgia, LLC
   100 North Tampa Street, Suite 3550
   Tampa, FL 33602

5. Windward Health Partners LLC
   c/o National Registered Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

6.    Universal Healthcare Associates, LLC
c/o Bruce E. Wertheim, Registered Agent
4911 Londonberry Drive
Tampa, FL 33647

Universal Healthcare Associates, LLC
4911 Londonderry Drive
Tampa, FL 33647

7.    T and C Capital Assets, LLC
c/o Joseph M. Passero, Registered Agent
8518 Spring Forest Lane
Wesley Chapel, FL 33544

T and C Capital Assets, LLC
8518 Spring Forest Lane
Wesley Chapel, FL 33544

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Joseph L. Lenins_ , do hereby authorize _Dickson Operator, LLC d/b/a Dickson Health and Rehab_
_a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC ; Universal_
_Healthcare Associates, LLC; Tand C Capital Assets, LLC ; Diane K. Patterson, in her capacity as Administrator of Dickson Health an Rehab_
("health care providers") to furnish and disclose to _Mission Health of Georgia, LLC_ or to any representative
or attorney from their office a full, complete, and black & white copy of any and all protected health information
regarding patient, _Joseph L. Lenins_ , Date of Birth: _10-31-1947_, Social Security
Number: _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_ specifically including any and all records for service from _8-7-07_ to _8-7-14_ ,
including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports,
emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians'
notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets,
RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge
summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs,
activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports,
clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports,
intensive care unit records, patient activity flow sheets, prescription orders, medication administration records,
controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for
treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment
rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any
information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or
genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile
insurance carriers to release any and all information regarding said patient in their possession, including, but not
limited to, all payment or non-payment information and any collateral source information, to
_Mission Health of Georgia, LLC_ .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any
psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication
with _Mission Health of Georgia LLC_ or any of their representatives is **absolutely** forbidden.
Copies of any documents produced to _Mission Health of Georgia, LLC_ , pursuant to this limited
medical authorization, should be furnished to Jehl Law Group, PLLC, 60 S. Main Street, Suite 101, Memphis,
Tennessee 38103, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that
any health care provider disclosing the above-requested information may not condition said patient's treatment,
payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can
be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s)
being provided with this request, but any such revocation is and will be ineffective as to any information already
released in reliance with the Authorization. The undersigned is aware of the potential that protected health
information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be
protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be
considered as effective and valid as the original, and this authorization will expire on
_2-7-15_ .

Dated: _8-7-14_       Signed: _[signature]_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

August 7, 2014

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9709**

Windward Health Partners LLC
c/o National Registered Agents, Inc., Registered Agent
800 South Gay Street, Suite 2021
Knoxville, TN 37929

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9716**

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

Re:     **Joseph L. Lenins v. Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets, LLC; and Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab**

Dear Sir or Madam:

 I am the attorney representing Joseph L. Lenins and am his authorized agent.

 Through me, Joseph L. Lenins is asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

 Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Case 3:15-cv-00120   Document 1-1   Filed 02/09/15   Page 40 of 63 PageID #: 46

|                              |                      |
|------------------------------|----------------------|
| Patient:                     | Joseph L. Lenins     |
| Date of Birth:               | October 31, 1947     |
| Claimant's Name and Address: | Joseph L. Lenins     |
|                              | 1738 Maple Valley Road |
|                              | Charlotte, TN 37036  |
| Relationship to Patient:     | Self                 |

Due to the poor care provided to Joseph L. Lenins during his residency at Dickson Health and Rehab, Joseph L. Lenins suffered from, among other things, cellulitis; wound infections, including MRSA; abscess to healed surgical incision; sepsis; clostridium difficile; weight loss; poor hygiene; severe pain; and injuries to his dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Joseph L. Lenins

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A.
Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1. Diane K. Patterson, in her capacity as
   Administrator of Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   310 Welchwood Drive
   Clarksville, TN 37040

   Diane K. Patterson, in her capacity as
   Administrator of Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   901 North Charlotte Street
   Dickson, TN 37055

2. Dickson Operator, LLC
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   c/o Devin Shelby, Administrator
   901 North Charlotte Street
   Dickson, TN 37055

3. Dickson Operator, LLC.
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   c/o CorpDirect Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Dickson Operator, LLC
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   100 North Tampa Street, Suite 3550
   Tampa, FL 33602

4. Mission Health of Georgia, LLC
   c/o CorpDirect Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Mission Health of Georgia, LLC
   100 North Tampa Street, Suite 3550
   Tampa, FL 33602

5. Windward Health Partners LLC
   c/o National Registered Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

6.  Universal Healthcare Associates, LLC
    c/o Bruce E. Wertheim, Registered Agent
    4911 Londonberry Drive
    Tampa, FL 33647

    Universal Healthcare Associates, LLC
    4911 Londonderry Drive
    Tampa, FL 33647

7.  T and C Capital Assets, LLC
    c/o Joseph M. Passero, Registered Agent
    8518 Spring Forest Lane
    Wesley Chapel, FL 33544

    T and C Capital Assets, LLC
    8518 Spring Forest Lane
    Wesley Chapel, FL 33544

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Joseph L. Lenins_, do hereby authorize _Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center ; Mission Health of Georgia, LLC; Windward Health Partners LLC ; Universal Healthcare Associates, LLC; Tand C Capital Assets, LLC; Ilrane K. Patterson, in her capacities as Administrator of Dickson Health or Rehab_ ("health care providers") to furnish and disclose to _Windward Health Partners LLC_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Joseph L. Lenins_, Date of Birth: _10-31-1947_, Social Security Number: _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_ specifically including any and all records for service from _8-7-07_ to _8-7-14_, including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Windward Health Partners LLC_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Windward Health Partners LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Windward Health Partners LLC_, pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _2-7-15_.

Dated: _8-7-14_        Signed: _[signature]_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

August 7, 2014

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9723**

Universal Healthcare Associates, LLC
c/o Bruce E. Wertheim, Registered Agent
4911 Londonberry Drive
Tampa, FL 33647

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9730**

Universal Healthcare Associates, LLC
4911 Londonderry Drive
Tampa, FL 33647

Re:    Joseph L. Lenins v. Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a
Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health
Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets,
LLC; and Diane K. Patterson, in her capacity as Administrator of Dickson Health
and Rehab

Dear Sir or Madam:

I am the attorney representing Joseph L. Lenins and am his authorized agent.

Through me, Joseph L. Lenins is asserting, among other claims, a potential claim for
medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

60 South Main Street | Suite 101 | Memphis, TN 38103
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

Patient:                    Joseph L. Lenins
Date of Birth:            October 31, 1947
Claimant's Name and Address:    Joseph L. Lenins
                                    1738 Maple Valley Road
                                    Charlotte, TN 37036

Relationship to Patient:       Self

Due to the poor care provided to Joseph L. Lenins during his residency at Dickson Health and Rehab, Joseph L. Lenins suffered from, among other things, cellulitis; wound infections, including MRSA; abscess to healed surgical incision; sepsis; clostridium difficile; weight loss; poor hygiene; severe pain; and injuries to his dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

**JEHL LAW GROUP, PLLC**

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Joseph L. Lenins

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1. Diane K. Patterson, in her capacity as
   Administrator of Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   310 Welchwood Drive
   Clarksville, TN 37040

   Diane K. Patterson, in her capacity as
   Administrator of Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   901 North Charlotte Street
   Dickson, TN 37055

2. Dickson Operator, LLC
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   c/o Devin Shelby, Administrator
   901 North Charlotte Street
   Dickson, TN 37055

3. Dickson Operator, LLC.
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   c/o CorpDirect Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Dickson Operator, LLC
   d/b/a Dickson Health and Rehab
   a/k/a Dickson Healthcare Center
   100 North Tampa Street, Suite 3550
   Tampa, FL 33602

4. Mission Health of Georgia, LLC
   c/o CorpDirect Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

   Mission Health of Georgia, LLC
   100 North Tampa Street, Suite 3550
   Tampa, FL 33602

5. Windward Health Partners LLC
   c/o National Registered Agents, Inc., Registered Agent
   800 South Gay Street, Suite 2021
   Knoxville, TN 37929

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

6. Universal Healthcare Associates, LLC
c/o Bruce E. Wertheim, Registered Agent
4911 Londonberry Drive
Tampa, FL 33647

Universal Healthcare Associates, LLC
4911 Londonderry Drive
Tampa, FL 33647

7. T and C Capital Assets, LLC
c/o Joseph M. Passero, Registered Agent
8518 Spring Forest Lane
Wesley Chapel, FL 33544

T and C Capital Assets, LLC
8518 Spring Forest Lane
Wesley Chapel, FL 33544

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Joseph L. Lenins_, do hereby authorize _Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; Tand C Capital Assets, LLC; Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab_ ("health care providers") to furnish and disclose to _Universal Healthcare Associates, LLC_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Joseph L. Lenins_, Date of Birth: _10-31-1947_, Social Security Number: _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_ specifically including any and all records for service from _8-7-07_ to _8-7-14_, including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Universal Healthcare Associates, LLC_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _Universal Healthcare Associates, LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Universal Healthcare Associates, LLC_, pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _2-7-15_.

Dated: _8-7-14_          Signed: _[signature]_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

August 7, 2014

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9747**

T and C Capital Assets, LLC
c/o Joseph M. Passero, Registered Agent
8518 Spring Forest Lane
Wesley Chapel, FL 33544

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9754**

T and C Capital Assets, LLC
8518 Spring Forest Lane
Wesley Chapel, FL 33544

**Re:** **Joseph L. Lenins v. Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets, LLC; and Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab**

Dear Sir or Madam:

     I am the attorney representing Joseph L. Lenins and am his authorized agent.

     Through me, Joseph L. Lenins is asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

     Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

60 South Main Street | Suite 101 | Memphis, TN 38103
Phone: (901) 322-4232 | Fax: (901) 322-4231
www.jehllawgroup.com

Patient:                            Joseph L. Lenins
Date of Birth:                    October 31, 1947
Claimant's Name and Address:    Joseph L. Lenins
                                      1738 Maple Valley Road
                                      Charlotte, TN 37036

Relationship to Patient:           Self

Due to the poor care provided to Joseph L. Lenins during his residency at Dickson Health and Rehab, Joseph L. Lenins suffered from, among other things, cellulitis; wound infections, including MRSA; abscess to healed surgical incision; sepsis; clostridium difficile; weight loss; poor hygiene; severe pain; and injuries to his dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

Re: Resident, Joseph L. Lenius

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1.    Diane K. Patterson, in her capacity as
      Administrator of Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      310 Welchwood Drive
      Clarksville, TN 37040

      Diane K. Patterson, in her capacity as
      Administrator of Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      901 North Charlotte Street
      Dickson, TN 37055

2.    Dickson Operator, LLC
      d/b/a Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      c/o Devin Shelby, Administrator
      901 North Charlotte Street
      Dickson, TN 37055

3.    Dickson Operator, LLC.
      d/b/a Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      c/o CorpDirect Agents, Inc., Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Dickson Operator, LLC
      d/b/a Dickson Health and Rehab
      a/k/a Dickson Healthcare Center
      100 North Tampa Street, Suite 3550
      Tampa, FL 33602

4.    Mission Health of Georgia, LLC
      c/o CorpDirect Agents, Inc., Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

      Mission Health of Georgia, LLC
      100 North Tampa Street, Suite 3550
      Tampa, FL 33602

5.    Windward Health Partners LLC
      c/o National Registered Agents, Inc., Registered Agent
      800 South Gay Street, Suite 2021
      Knoxville, TN 37929

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

6.     Universal Healthcare Associates, LLC
       c/o Bruce E. Wertheim, Registered Agent
       4911 Londonberry Drive
       Tampa, FL 33647

       Universal Healthcare Associates, LLC
       4911 Londonderry Drive
       Tampa, FL 33647

7.     T and C Capital Assets, LLC
       c/o Joseph M. Passero, Registered Agent
       8518 Spring Forest Lane
       Wesley Chapel, FL 33544

       T and C Capital Assets, LLC
       8518 Spring Forest Lane
       Wesley Chapel, FL 33544

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Joseph L. Lenins_, do hereby authorize _Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets, LLC; Diane K. Patterson, in her capacity as Administrator of Dickson Health an Rehab_ ("health care providers") to furnish and disclose to _T and C Capital Assets, LLC_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Joseph L. Lenins_, Date of Birth: _10-31-1947_, Social Security Number: _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_ specifically including any and all records for service from _8-7-07_ to _8-7-14_, including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _T and C Capital Assets, LLC_ .

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _T and C Capital Assets, LLC_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _T and C Capital Assets, LLC_ , pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _2-7-15_ .

Dated: _8-7-14_     Signed: _[signature]_

If signed by the patient's personal representative, explain the nature of the relationship:

_Self_



# JEHL LAW GROUP PLLC
### Attorneys at Law

Cameron C. Jehl, Esq.
Carey L. Acerra, Esq.
Deena K. Arnold, Esq.

August 7, 2014

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9631**

Diane K. Patterson, in her capacity as
Administrator of Dickson Health and Rehab
a/k/a Dickson Healthcare Center
310 Welchwood Drive
Clarksville, TN 37040

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NUMBER 7012 2210 0001 5004 9648**

Diane K. Patterson, in her capacity as
Administrator of Dickson Health and Rehab
a/k/a Dickson Healthcare Center
901 North Charlotte Street
Dickson, TN 37055

**Re:** Joseph L. Lenins v. Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; T and C Capital Assets, LLC; and Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab

Dear Madam:

I am the attorney representing Joseph L. Lenins and am his authorized agent.

Through me, Joseph L. Lenins is asserting, among other claims, a potential claim for medical malpractice and/or health care liability against you.

Pursuant to T.C.A. § 29-26-121(a), below is additional information regarding my client:

Case 3:15-cv-00120   Document 1-1   Filed 02/09/15   Page 55 of 63 PageID #: 61

| | |
|---|---|
| Patient: | Joseph L. Lenins |
| Date of Birth: | October 31, 1947 |
| Claimant's Name and Address: | Joseph L. Lenins |
| | 1738 Maple Valley Road |
| | Charlotte, TN 37036 |
| Relationship to Patient: | Self |

Due to the poor care provided to Joseph L. Lenins during his residency at Dickson Health and Rehab, Joseph L. Lenins suffered from, among other things, cellulitis; wound infections, including MRSA; abscess to healed surgical incision; sepsis; clostridium difficile; weight loss; poor hygiene; severe pain; and injuries to his dignity.

Also, enclosed please find a HIPAA medical authorization executed by my client regarding this matter. Attached hereto is a list of all providers to whom notice is being given pursuant to T.C.A. § 29-26-121(a).

Please have your attorney or liability insurance carrier representative contact me, should you wish to discuss this matter.

Sincerely,

JEHL LAW GROUP, PLLC

Carey L. Acerra, Esq.

CLA/mkb
Enclosures

## LIST OF HEALTH CARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN
## PURSUANT TO T.C.A. SECTION 29-26-121(a)

**Re: Resident, Joseph L. Lenins**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. Section 29-26-121(a), of a potential claim for medical malpractice and/or health care liability:

1.  Diane K. Patterson, in her capacity as
    Administrator of Dickson Health and Rehab
    a/k/a Dickson Healthcare Center
    310 Welchwood Drive
    Clarksville, TN 37040

    Diane K. Patterson, in her capacity as
    Administrator of Dickson Health and Rehab
    a/k/a Dickson Healthcare Center
    901 North Charlotte Street
    Dickson, TN 37055

2.  Dickson Operator, LLC
    d/b/a Dickson Health and Rehab
    a/k/a Dickson Healthcare Center
    c/o Devin Shelby, Administrator
    901 North Charlotte Street
    Dickson, TN 37055

3.  Dickson Operator, LLC.
    d/b/a Dickson Health and Rehab
    a/k/a Dickson Healthcare Center
    c/o CorpDirect Agents, Inc., Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Dickson Operator, LLC
    d/b/a Dickson Health and Rehab
    a/k/a Dickson Healthcare Center
    100 North Tampa Street, Suite 3550
    Tampa, FL 33602

4.  Mission Health of Georgia, LLC
    c/o CorpDirect Agents, Inc., Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

    Mission Health of Georgia, LLC
    100 North Tampa Street, Suite 3550
    Tampa, FL 33602

5.  Windward Health Partners LLC
    c/o National Registered Agents, Inc., Registered Agent
    800 South Gay Street, Suite 2021
    Knoxville, TN 37929

Windward Health Partners LLC
100 North Tampa Street, Suite 3550
Tampa, FL 33602

6.     Universal Healthcare Associates, LLC
c/o Bruce E. Wertheim, Registered Agent
4911 Londonberry Drive
Tampa, FL 33647

Universal Healthcare Associates, LLC
4911 Londonderry Drive
Tampa, FL 33647

7.     T and C Capital Assets, LLC
c/o Joseph M. Passero, Registered Agent
8518 Spring Forest Lane
Wesley Chapel, FL 33544

T and C Capital Assets, LLC
8518 Spring Forest Lane
Wesley Chapel, FL 33544

2

## HIPAA COMPLIANT LIMITED MEDICAL AUTHORIZATION

I, _Joseph L. Lenins_ , do hereby authorize _Dickson Operator, LLC d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center; Mission Health of Georgia, LLC; Windward Health Partners LLC; Universal Healthcare Associates, LLC; Tand C Capital Assets, LLC; Diane K. Patterson, in her capacities as Administrator of Dickson Health an Rehab_ ("health care providers") to furnish and disclose to _Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab_ or to any representative or attorney from their office a full, complete, and black & white copy of any and all protected health information regarding patient, _Joseph L. Lenins_ , Date of Birth: _10-31-1947_, Social Security Number: _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_ specifically including any and all records for service from _8-7-07_ to _8-7-14_, including the entire hospital record, entire nursing home/assisted living facility chart, transfer sheets/EMS reports, emergency room records, triage sheets, patient history and physical, nurses' notes, physicians' orders, physicians' notes, progress notes, consult reports, operative and surgical notes/reports, resident assessments, minimum data sets, RAP sheets, resident care plans, discharge plans, decubitus and wound reports, admission and discharge summaries/reports, photographs, social service records, dietary records (I&O/B&B), weight records/vital signs, activities records and schedules, physicians' orders, consultation reports, laboratory reports, pathology reports, clinic records, radiographic/ultrasound/photographic/other diagnostic reports and images, psychological reports, intensive care unit records, patient activity flow sheets, prescription orders, medication administration records, controlled drug inventory, physical/occupational/speech/respiratory therapy records, incident reports, bills for treatment, and any other records regarding said patient's physical, mental or emotional condition and treatment rendered (collectively "protected health information"). I further and specifically consent to the disclosure of any information concerning alcohol or drug abuse/treatment, psychiatric conditions/treatment, HIV test results or genetic testing.

This release together with a written request is also intended to require all health, disability and/or automobile insurance carriers to release any and all information regarding said patient in their possession, including, but not limited to, all payment or non-payment information and any collateral source information, to _Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab_.

This is a limited medical authorization. I AM NOT waiving any physician/patient privilege or any psychotherapist/patient privilege. Any conferences, formal or informal, or any type of oral communication with _et Dickson Health and Rehab_ or any of their representatives is absolutely forbidden. Copies of any documents produced to _Administrator of Dickson Health and Rehab_, pursuant to this limited medical authorization, should be furnished to Jehl Law Group, PLLC, 60 S. Main Street, Suite 101, Memphis, Tennessee 38103, at Jehl Law Group, PLLC's expense.

I am initiating this request for disclosure of protected health information for legal purposes. I am on notice that any health care provider disclosing the above-requested information may not condition said patient's treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization, and that this authorization can be revoked through written notice sent to JEHL LAW GROUP, PLLC or to the specific health care provider(s) being provided with this request, but any such revocation is and will be ineffective as to any information already released in reliance with the Authorization. The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by the HIPAA Privacy Rule (45 CFR §160, et seq.). A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will expire on _2-7-15_.

Dated: _8-7-14_          Signed: _Joseph L. Lenins_

If signed by the patient's personal representative, explain the nature of the relationship: .

_Self_



**Name and Address of Sender**

Casey L. Acerra, Esq.
Jahi Law Group, PLLC
60 South Main Street, Suite 101
Memphis, TN 38103

Joseph L. Lacey's

**Check type of mail or service:**
- ☐ Adult Signature Required
- ☒ Certified Mail
- ☐ COD
- ☐ Delivery Confirmation
- ☐ Express Mail
- ☐ Insured
- ☐ Adult Signature Restricted Delivery
- ☐ Recorded Delivery (International)
- ☐ Registered
- ☒ Return Receipt for Merchandise
- ☒ Signature Confirmation

| Article Number | Addressee (Name, Street, City, State, & ZIP Code ™) | Postage | Fee | Handling Charge | Actual Value if Registered |
|---|---|---|---|---|---|
| 1. 7012 2210 0001 5004 9631 | Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab a/k/a Dickson Healthcare Center 510 West Broad Drive Charlotte, TN 37040 | | | | |
| 2. 7012 2210 0001 5004 9648 | Diane K. Patterson, in her capacity as Administrator of Dickson Health and Rehab a/k/a Dickson Healthcare Center 901 North Charlotte Street Dickson, TN 37055 | | | | |
| 3. 7012 2210 0001 5004 9655 | Dickson Operator, LLC. d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center c/o Devin Shelby, Administrator 901 North Charlotte Street Dickson, TN 37055 | | | | |
| 4. 7012 2210 0001 5004 9662 | Dickson Operator, LLC. d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center c/o CorpDirect Agents, Inc., Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |
| 5. 7012 2210 0001 5004 9679 | Dickson Operator, LLC. d/b/a Dickson Health and Rehab a/k/a Dickson Healthcare Center 100 North Tampa Street, Suite 3550 Tampa, FL 33602 | | | | |
| 6. 7012 2210 0001 5004 9686 | Mariner Health of Georgia, LLC c/o CorpDirect Agents, Inc., Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |
| 7. 7012 2210 0001 5004 9693 | Kindred Health of Georgia, LLC 100 North Tampa Street, Suite 3550 Tampa, FL 33602 | | | | |
| 8. 7012 2210 0001 5004 9709 | Windward Health Partners LLC c/o National Registered Agents, Inc., Registered Agent 800 South Gay Street, Suite 2021 Knoxville, TN 37929 | | | | |

**Total Number of Pieces Listed by Sender** / **Total Number of Pieces Received at Post Office**

Postmaster, Per (Name of receiving employee)

U.S. POSTAGE
MEMPHIS, TN
AUG 08'13 '14
AMOUNT
$3.76
000-04662-17

**PS Form 3877, June 2011 (Page 1 of 2)** — Complete by Typewriter, Ink, or Ball Point Pen — See Privacy Act Statement on Reverse

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastrophic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

Case 3:15-cv-00120   Document 1-1   Filed 02/09/15   Page 62 of 63 PageID #: 68

**Name and Address of Sender**

Carey L. Acerra, Esq.
Jehl Law Group, PLLC
60 South Main Street, Suite 101
Memphis, TN 38103

**Check type of mail or service:**

- ☐ Adult Signature Required
- ☒ Certified Mail
- ☐ COD
- ☐ Delivery Confirmation
- ☐ Express Mail
- ☐ Insured
- ☐ Adult Signature Restricted Delivery
- ☐ Recorded Delivery (International)
- ☐ Registered
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation

**Affix Stamp Here**
(If issued as a certificate of mailing or for additional copies of this bill)
Postmark and Date of Receipt

| | Joseph L. Lemley Article Number | Address (Name, Street, City, State, & ZIP Code™) | Postage | Fee | Handling Charge | Adult Signature Required | Adult Signature Restricted Delivery | Delivery Confirmation | Signature Confirmation | Special Handling SH Fee | Restricted Delivery RD Fee | Return Receipt RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 7012 2210 0001 5004 9716 | Windward Health Partners LLC 100 North Tampa Street, Suite 3550 Tampa, FL 33602 | ✓ | | | | | | | | | |
| 2. | 7012 2210 0001 5004 9723 | Universal Healthcare Associates, LLC c/o Bruce E. Werthaim, Registered Agent 4911 Londonberry Drive Tampa, FL 33647 | ✓ | | | | | | | | | |
| 3. | 7012 2210 0001 5004 9730 | Universal Healthcare Associates, LLC 4911 Londonderry Drive Tampa, FL 33647 | ✓ | | | | | | | | | |
| 4. | 7012 2210 0001 5004 9747 | T and C Capital Assets, LLC c/o Joseph M. Paesani, Registered Agent 8518 Spring Forest Lane Wesley Chapel, FL 33544 | ✓ | | | | | | | | | |
| 5. | 7012 2210 0001 5004 9754 | T and C Capital Assets, LLC 8518 Spring Forest Lane Wesley Chapel, FL 33544 | ✓ | | | | | | | | | |
| 6. | | | | | | | | | | | | |
| 7. | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | |

**Total Number of Pieces Listed by Sender** _____

**Total Number of Pieces Received at Post Office** _____

Postmaster, Per (Name of receiving employee) _____

Complete by Typewriter, Ink, or Ball Point Pen

PS Form 3877, June 2011 (Page 1 of 2)                    See Privacy Act Statement on Reverse

The full declaration of value is required on all domestic and international Registered Mail. The maximum indemnity payable for the reconstruction of nonnegotiable documents under Express Mail document reconstruction insurance is $500 per piece subject to additional limitations for multiple pieces lost or damaged in a single catastrophic occurrence. The maximum indemnity payable on Express Mail merchandise is $500, but optional Express Mail Service merchandise insurance is available for up to $5,000 to some, but not all countries. The maximum indemnity payable is $25,000 for Registered Mail sent with optional postal insurance. See the DMM R900, S913, and S921 for limitations of coverage on insured and COD mail. See the IMM for limitations of coverage on international mail. Special handling charges apply only to Parcel Service parcels (A) and Standard Mail (B) parcels.

PS Form 3877, June 2011 *(Page 2 of 2)*